✎JS 44   (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS    O'Donovan, Ann

**DEFENDANTS** William Penn Skating, Inc. d/b/a Bethlehem Skateaway and/or "Skateaway"

(b) County of Residence of First Listed Plaintiff    Kings
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed    Northampton
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Aaron J. Freiwald, Esquire
Patricia M. Giordano, Esquire
Layser & Freiwald, P.C.
1500 Walnut Street, 18th Floor
Philadelphia, PA 19102
215-875-8000

Attorneys (If Known)

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | | | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☒ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL    PROPERTY** | **CIVIL    RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| | | | & Disclosure Act | | Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee |
| ☐ 220  0 Foreclosure | ☐ 442 Employment | Sentence | | | Determination |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | Security Act | ☐ 871 IRS—Third Party | State Statutes |
| | | ☐ 550 Civil Rights | | 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION    (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Premises Liability

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION DEMAND    UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:

JURY DEMAND:    ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY    (See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE    3/27/06

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

APPENDIX I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Ann O'Donovan

             v.

William Penn Skating, Inc.
d/b/a Bethlehem Skateaway and/or
"Skateaway", et al.

:
:
:
:
:
:

CIVIL ACTION

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.        ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( x )

| 03/27/06 | Aaron J. Freiwald | |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215–875–8000 | 215–875–8575 | ajf@layserfreiwald.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT                                    APPENDIX F

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __Ann O'Donovan, 1649 8th Avenue, Apartment 3A, Brooklyn, NY   11215__

Address of Defendant: __See attached list__

Place of Accident, Incident or Transaction: __Bethlehem, PA__
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☒

Does this case involve multidistrict litigation possibilities?     Yes☐  No☐
*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
     Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?     Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

| A. *Federal Question Cases:* | B. *Diversity Jurisdiction Cases:* |
|---|---|
| 1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts | 1. ☐ Insurance Contract and Other Contracts |
| 2. ☐ FELA | 2. ☐ Airplane Personal Injury |
| 3. ☐ Jones Act-Personal Injury | 3. ☐ Assault, Defamation |
| 4. ☐ Antitrust | 4. ☐ Marine Personal Injury |
| 5. ☐ Patent | 5. ☐ Motor Vehicle Personal Injury |
| 6. ☐ Labor-Management Relations | 6. ☒ Other Personal Injury (Please specify) |
| 7. ☐ Civil Rights | 7. ☐ Products Liability |
| 8. ☐ Habeas Corpus | 8. ☐ Products Liability — Asbestos |
| 9. ☐ Securities Act(s) Cases | 9. ☐ All other Diversity Cases |
| 10. ☐ Social Security Review Cases | (Please specify) |
| 11. ☐ All other Federal Question Cases (Please specify) | |

### ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, __Aaron J. Freiwald__, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: __03/27/06__          _____          __78028__
                                    Attorney-at-Law                              Attorney I.D.#

**NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.**

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____          _____          _____

Defendants

William Penn Skating, Inc.
d/b/a Bethlehem Skateaway
and/or "Skateaway"
4500 William Penn Highway
Bethlehem, PA 18017

Donald Holloway
4500 William Penn Highway
Bethlehem, PA 18017

Bruce Jones
4500 William Penn Highway
Bethlehem, PA 18017

SOS Inline Speed Skating Club, Inc.
c/o SOS Speed Team
Penncorp Service Group, Inc.
600 N. Second Street, Suite 500
Harrisburg, PA 17101

Ernest James Bourgeois
4719 Cypress Avenue
Feasterville, PA 19053

Margie Barry
1374 Nace Avenue
Bethlehem, PA 18015

Robert Albanese
6480 Front Street
Martins Creek, PA 18063

National In-Line Racing Association
a/k/a NIRA
3234 South Meridean
Wichita, KS 67218

United States Amateur Confederation of Roller Skating
d/b/a USA Roller Sports
4730 South Street
P.O. Box 6579
Lincoln, NE 68506

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANN O'DONOVAN | : | CIVIL ACTION |
| 1649 8th Avenue | : | |
| Apartment 3A | : | |
| Brooklyn, NY 11215 | : | |
| | : | NO. |
|        Plaintiff | : | |
| | : | |
|       v. | : | |
| | : | |
| WILLIAM PENN SKATING, INC. | : | JURY TRIAL DEMANDED |
| d/b/a BETHLEHEM SKATEAWAY | : | |
| and/or "SKATEAWAY" | : | |
| 4500 William Penn Highway | : | |
| Bethlehem, PA 18017 | : | |
|     and | : | |
| DONALD HOLLOWAY | : | |
| 4500 William Penn Highway | : | |
| Bethlehem, PA 18017 | : | |
|     and | : | |
| BRUCE JONES | : | |
| 4500 William Penn Highway | : | |
| Bethlehem, PA 18017 | : | |
|     and | : | |
| SOS INLINE SPEED SKATING CLUB, | : | |
| INC., c/o SOS SPEED TEAM | : | |
| Penncorp Service Group, Inc. | : | |
| 600 N. Second Street, Suite 500 | : | |
| Harrisburg, PA 17101 | : | |
|     and | : | |
| ERNEST JAMES BOURGEOIS | : | |
| 4719 Cypress Avenue | : | |
| Feasterville, PA 19053 | : | |
|     and | : | |
| MARGIE BARRY | : | |
| 1374 Nace Avenue | : | |
| Bethlehem, PA 18015 | : | |
|     and | : | |
| ROBERT ALBANESE | : | |
| 6480 Front Street | : | |
| Martins Creek, PA 18063 | : | |
|     and | : | |

NATIONAL IN-LINE RACING                    :
ASSOCIATION a/k/a NIRA                     :
3234 South Meridean                        :
Wichita, KS 67218                          :
    and                :
UNITED STATES AMATEUR                      :
CONFEDERATION OF ROLLER-                   :
SKATING, d/b/a USA ROLLER                  :
SPORTS                                     :
4730 South Street                          :
P.O. Box 6579                              :
Lincoln, NE 68506                          :
                                           :
      Defendants.    :

---

## COMPLAINT

### PARTIES

Plaintiff, Ann O'Donovan, alleges the following as part of this Civil Action Complaint:

1.     Plaintiff is an adult individual who resides at 1649 8th Avenue, Apartment 3A, Brooklyn, New York 11215.

2.     Defendant William Penn Skating, Inc., d/b/a Bethlehem Skateaway and/or Skateaway ("Bethlehem Skateaway") a corporation or other legal entity licensed to do business in Pennsylvania, owns and operates a roller skating rink located at 4500 William Penn Highway, Bethlehem, Northampton County, Pennsylvania.

3.     Defendant SOS Inline Speed Skating Club, Inc., the successor in interest to SOS Speed Team ("SOS Speed Team"), is an in-line skating team that sponsors events, competitions and meets at William Penn Skating, Inc. d/b/a Bethlehem Skateaway and/or Skateaway.

4.     Upon information and belief, SOS Speed Team's business address is 4500 William Penn Highway, Bethlehem, Pennsylvania, and/or 1374 Nace Avenue, Bethlehem, Pennsylvania.

2

5.    Donald Holloway, who has a business address at 4500 William Penn Highway, Bethlehem, Pennsylvania is the President, Secretary and Treasurer of William Penn Skating, Inc.

6.    Bruce Jones, who has a business address at 4500 William Penn Highway, Bethlehem, Pennsylvania is the Treasurer of William Penn Skating, Inc.

7.    Defendant, Ernest James "Jim" Bourgeois is an individual residing at 4719 Cypress Ave., Feasterville, Pennsylvania 19053. Mr. Bourgeois was an event/meet director of the SOS "Pre-Superbowl Classic" at Bethlehem Skateaway on January 30, 2005.

8.    Margie Barry, is an individual residing at 1374 Nace Avenue, Bethlehem, Pennsylvania. Ms. Barry was an event/meet director of the SOS "Pre-Superbowl Classic" held at Bethlehem Skateaway on January 30, 2005.

9.    Robert "Bob" Albanese, is an individual residing at 6480 Front Street, Martins Creek, Pennsylvania. Mr. Albanese was an event/meet director of the SOS "Pre-Bowl Superbowl Classic" held at Bethlehem Skateaway on January 30, 2005.

10.    Defendant National In-Line Racing Association, a/k/a NIRA ("NIRA"), is an association that regulates the sport of in-line speed skating throughout the United States. NIRA's national headquarters are located at 3234 South Meridean, Wichita, Kansas.

11.    Defendant United States Amateur Confederation of Roller Skating, d/b/a USA Roller Sports ("USA Roller Sports"), is the national governing body for competitive roller sports in the United States. Its principal place of business is located at 4730 South Street, P.O. Box 6579, Lincoln, Nebraska 68506.

3

## JURISDICTION AND VENUE

12.    Plaintiff's cause of action arises out of catastrophic physical injuries she sustained as a result of the negligence of the defendants.

13.    Jurisdiction is proper in this Court because of the complete diversity of the parties, pursuant to 42 U.S. § 1332(a). The amount in controversy exceeds $150,000.00.

14.    Venue in the Eastern District of Pennsylvania is proper under 28 U.S.C. §1391 because the events or omissions giving rise to this action occurred in Bethlehem, Northampton County, Pennsylvania, which is located in the Eastern District of Pennsylvania.

## FACTUAL BACKGROUND

15.    Ann O'Donovan, whose date of birth is June 28, 1965, joined the Empire Speed Skating Club, a division of Empire Skate Club of New York, sometime before January 29, 2005.

16.    The Empire Skate Club of New York is an organization of in-line skaters.

17.    Bethlehem Skateaway, which is open to the public, also rents facilities for private events and is the home rink of the SOS Speed Team.

18.    Bethlehem Skateaway is both an NIRA and USA Roller Sports approved rink.

19.    SOS Speed Team is an in-line speed team that skates at Bethlehem Skateaway.

20.    In addition, the SOS Speed Team sponsors and promotes in-line racing events, competitions and meets at Bethlehem Skateaway.

21.    SOS Speed Team was the sponsor of the "Pre-Superbowl Classic," an NIRA race event, held at Bethlehem Skateaway on January 30, 2005.

22.    NIRA is an association that regulates the sport of in-line skating and sanctions events, competitions and meets at NIRA-approved tracks.

4

23.    According to its website, NIRA is dedicated to advancing and promoting the sport of in-line speed skating.

24.    NIRA's board of directors includes national and world championship skaters, world and national team members and coaches, and distributors of speed skating equipment.

25.    NIRA publishes rules and regulations relating to in-line, indoor speed skating.

26.    NIRA, originally incorporated in 1995 as a not-for-profit corporation, was formally recognized in 2000 by the United States Association of Roller Sports, which is the national governing body for roller sports, as an independent roller sports group, Class VII member.

27.    USA Roller Sports offers memberships to individuals and organizations in eight classes.

28.    Class I membership is offered to individual athletes and Class VII membership is offered to independent, competitive roller skating groups.

29.    At all relevant times, Ann O'Donovan was a Class I member of USA Roller Sports.

30.    USA Roller Sports offers medical insurance for individually-registered USA Roller Sports members for injuries that may occur during organized and supervised practice sessions.

31.    Sometime before January 29, 2005, the SOS Speed Team advertised and marketed a skating event called the "Pre-Superbowl Classic (NIRA racing on the East Coast)" to be held at the Bethlehem Skateaway on January 30, 2005 (the "Skateaway Event").

32.    The announcement for the Skateaway Event stated that the meet would be held on an NIRA track.

33.    The Skateaway Event directors were Robert "Bob" Albanese, Jim Bourgeois and Margie Barry.

5

34.    On January 29, 2005, Ann O'Donovan and other members of the Empire Speed Team traveled from New York to the Bethlehem Skateaway to attend and participate in the Skateaway Event.

35.    In preparation for the Skateaway Event, SOS sponsored an official practice sanctioned by NIRA and USA Roller Sports.

36.    The practice was held during the evening hours of January 29, 2005 at Bethlehem Skateaway.

37.    Upon information and belief, about thirty (30) skaters from several teams competing in the meet, including Empire Speed Skate, participated in the officially sanctioned practice.

38.    Bethlehem Skateaway's track is NIRA approved.

39.    Along the perimeter of the rink are several recessed, exterior double doorways, each of which is surrounded by a metal jamb, that forms a 90 degree angle between the rink's outer wall and the door.  These doors sit several inches back from the metal jamb.

40.    On January 29, 2005, while skating in a pace line, Ann O'Donovan fell near one of the exterior doorways.

41.    Ann O'Donovan slid along the floor diagonally toward the exterior doorway and her right foot hit the corner of the door jamb where the jamb formed a 90 degree angle to meet the door.

42.    There was no safety guard or other protective device in this doorway which would have caused the wall of the Bethlehem Skateaway to be flush with the doorway.

43.    The absence of a safety guard or protective device in this doorway created an unreasonably dangerous condition to skaters at Bethlehem Skateaway including plaintiff Ann O'Donovan.

6

44.     The following day, a wooden safety guard was placed in the same doorway to serve as a safety and protective measure for the benefit of skaters.

45.     The purpose of the wooden safety guards is to prevent skaters from sustaining severe injuries in the event of a crash into the doorway, such as that which occurred to Ann O'Donovan.

46.     Placing a protective bar in the doorway, as was done on the day of the competition itself, is standard and a reasonable practice for roller rinks that have doorways along the perimeter of the skating arena.

47.     The absence of a safety guard or other protective device permitted Ann O'Donovan to slide directly into the doorway.

48.     As a consequence of the absence of a safety guard and/or protective device, Ann O'Donovan's right foot hit the door jamb, causing her to sustain a catastrophic compound fracture to her right lower leg such that the bone splintered and broke through her skin.

49.     An ambulance was called to the rink and transported Ann O'Donovan to St. Luke's Hospital, Bethlehem, Pennsylvania where she underwent emergency surgery.

50.     Ann O'Donovan remained at St. Luke's Hospital until February 4, 2005, when she was transferred by ambulance to the New York University Medical Center, where she underwent numerous surgeries.  Ann O'Donovan was discharged from New York University Medical Center on March 1, 2005.

51.     Ann O'Donovan was readmitted to the New York University Medical Center on two more occasions between March and July of 2005 for additional procedures and spent nearly two weeks at the Rusk Institute of Rehabilitation Medicine in April and May of 2005.

7

52.   As a result of the fracture she sustained at Bethlehem Skateaway, Ms. O'Donovan has undergone numerous surgeries, including an open reduction internal fixation and a bone graft.

53.   As a result of her debilitating injuries, Ann O'Donovan received home health care services for several weeks and was forced to use a wheelchair and crutches for several months to assist with ambulation.  She continues to undergo extensive outpatient physical therapy.

54.   As a result of her debilitating injuries, Ann O'Donovan was unable to return to her employment as a school teacher in the City of New York for some 13 months.

55.   As a result of her injuries, Ann O'Donovan has only been able to return to work on a part time basis.

56.   As a result of the negligence of defendants, as described below, Ann O'Donovan has suffered in the past and continues to suffer the following injuries, some of which are permanent:

(a)   catastrophic fracture of the right lower extremity;

(b)   need for multiple surgeries to treat fracture;

(c)   prolonged hospitalizations;

(d)   permanent scarring and disfigurement of the leg;

(e)   persistent swelling of the leg;

(f)   extensive physical therapy;

(g)   depression;

(h)   pain with ambulation;

(i)   embarrassment;

(j)   humiliation;

(j)   loss of life's pleasures;

    (k)    past pain and suffering;

    (l)    future pain and suffering;

    (m)    past mental anguish;

    (n)    future mental anguish;

    (o)    past medical expenses;

    (p)    future medical expenses;

    (q)    decreased earnings capacity;

    (r)    incidental and other expenses;

    (s)    lost earning capacity;

    (t)    lost wages; and

    (u)    other injuries as documented in the report(s) of plaintiff's treating physician(s) and medical records.

57.    Bethlehem Skateaway's hazards, to wit, the unprotected doorway, were known or should have been known to all defendants.

58.    Defendants failed to properly identify and warn of the hazardous condition of the property to business invitees including Ann O'Donovan.

59.    Prior to the incident giving rise to this complaint, defendants knew or should have known of the defective and hazardous condition of the property, namely the unprotected doorway, and failed to take any precautions to make the area safe or to take other proper safety precautions that would have prevented the injuries suffered by Ann O'Donovan.

60.    At all relevant times, defendants knew or should have known of the risk that the unprotected doorway presented to its business invitees, including Ann O'Donovan.

9

61.     At all relevant times, defendants knew or had reason to know of the unsafe condition of the unprotected doorway and did not utilize due care for the protection of its business invitees, including Ann O'Donovan.

62.     Defendants' failure to properly safeguard the doorway created a dangerous and hazardous condition for business invitees including plaintiff Ann O'Donovan.

63.     As a direct and proximate result of the negligence of the defendants, Ann O'Donovan has suffered permanent, severe and disabling personal injuries that are more fully described below.

### COUNT ONE - NEGLIGENCE
**Plaintiff Ann O'Donovan v. William Penn Skating, Inc. d/b/a Bethlehem Skateaway and/or Skateaway**

64.     The previous paragraphs are incorporated herein by reference.

65.     The negligence and carelessness of defendant William Penn Skating, Inc. d/b/a Bethlehem Skateaway and/or Skateaway and its agents, servants and employees, included the following:

    (a)    Creating a dangerous condition of the property, to wit, the unprotected doorway;

    (b)    Creating a hazardous condition of the property, to wit, the unprotected doorway;

    (c)    Failure to provide a safe and hazard-free environment for its business invitees, including Ann O'Donovan;

    (d)    Failing, despite actual and/or constructive knowledge, to maintain its premises in a safe and hazard-free condition for the protection of its business invitees, including Ann O'Donovan;

    (e)    Failure to ensure a safe and hazard-free condition for its business invitees, including Ann O'Donovan;

    (f)    Failure to correct the dangerous condition that existed on the premises;

10

(g)     Failure to inspect the area where the incident occurred to ensure a safe environment for its business invitees;

(h)     Failure to take appropriate measures to anticipate an incident such as that which occurred to Ann O'Donovan;

(i)     Negligence under the Restatement of Torts (2d) §343;

(j)     Failure to exercise reasonable and prudent care under the circumstances;

(k)     Failure to provide proper management of the premises to include proper maintenance and inspection of the roller skating rink to ensure its safety;

(l)     Failure to take proper precautions to eliminate the dangerous condition of the premises on the date and time in question;

(m)    Failure to comply with applicable local, state and federal regulations regarding maintenance of a roller skating rink; and

(n)     Failure to warn business invitees, including Ann O'Donovan, of the dangerous condition of the premises.

WHEREFORE, plaintiff demands compensatory damages against defendant William Penn Skating, Inc. d/b/a Bethlehem Skateaway and/or Skateaway, individually, jointly and severally, in an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00) exclusive of costs, pre-judgment interest and post-judgment interest.

### COUNT TWO - NEGLIGENCE
### Plaintiff Ann O'Donovan v. Donald Holloway

66.     The previous paragraphs are incorporated herein by reference.

67.     The negligence and carelessness of defendant Donald Holloway, included the following:

(a)     Creating a dangerous condition of the Bethlehem Skateaway property, to wit, the unprotected doorway;

11

(b)     Creating a hazardous condition of the Bethlehem Skateaway property, to wit, the unprotected doorway;

(c)     Failure to provide a safe and hazard-free environment for business invitees, including Ann O'Donovan, of Bethlehem Skateaway;

(d)     Failing, despite actual and/or constructive knowledge, to maintain Bethlehem Skateaway in a safe and hazard-free condition for the protection of its business invitees, including Ann O'Donovan;

(e)     Failure to ensure a safe and hazard-free condition for business invitees, including Ann O'Donovan of Bethlehem Skateaway;

(f)     Failure to correct the dangerous condition that existed on the premises of Bethlehem Skateaway;

(g)     Failure to inspect Bethlehem Skateaway to ensure a safe environment for its business invitees;

(h)     Failure to take appropriate measures to anticipate an incident such as that which occurred to Ann O'Donovan;

(i)     Negligence under the Restatement of Torts (2d) §343;

(j)     Failure to exercise reasonable and prudent care under the circumstances;

(k)     Failure to provide proper management of Bethlehem Skateaway to include proper maintenance and inspection to ensure its safety;

(l)     Failure to take proper precautions to eliminate the dangerous condition at issue of Bethlehem Skateaway on the date and time in question;

(m)    Failure to comply with applicable local, state and federal regulations regarding maintenance of a roller skating rink; and

(n)     Failure to warn business invitees, including Ann O'Donovan, of the dangerous condition of Bethlehem Skateaway.

WHEREFORE, plaintiff demands compensatory damages against defendant Donald Holloway, individually, jointly and severally, in an amount in excess of One Hundred and Fifty

12

Thousand Dollars ($150,000.00) exclusive of costs, pre-judgment interest and post-judgment interest.

### COUNT THREE - NEGLIGENCE
### Plaintiff Ann O'Donovan v. Bruce Jones

68.    The previous paragraphs are incorporated herein by reference.

69.    The negligence and carelessness of defendant Bruce Jones, included the following:

    (a)    Creating a dangerous condition of the Bethlehem Skateaway property, to wit, the unprotected doorway;

    (b)    Creating a hazardous condition of the Bethlehem Skateaway property, to wit, the unprotected doorway;

    (c)    Failure to provide a safe and hazard-free environment for business invitees, including Ann O'Donovan, of Bethlehem Skateaway;

    (d)    Failing, despite actual and/or constructive knowledge, to maintain Bethlehem Skateaway in a safe and hazard-free condition for the protection of its business invitees, including Ann O'Donovan;

    (e)    Failure to ensure a safe and hazard-free condition its business invitees, including Ann O'Donovan, of Bethlehem Skateaway;

    (f)    Failure to correct the dangerous condition that existed on the premises of Bethlehem Skateaway;

    (g)    Failure to inspect Bethlehem Skateaway to ensure a safe environment for its business invitees;

    (h)    Failure to take appropriate measures to anticipate an incident such as that which occurred to Ann O'Donovan;

    (i)    Negligence under the Restatement of Torts (2d) §343;

    (j)    Failure to exercise reasonable and prudent care under the circumstances;

    (k)    Failure to provide proper management of Bethlehem Skateaway to include proper maintenance and inspection to ensure its safety;

13

(l)    Failure to take proper precautions to eliminate the dangerous condition at issue of Bethlehem Skateaway on the date and time in question;

(m)    Failure to comply with applicable local, state and federal regulations regarding maintenance of a roller skating rink; and

(n)    Failure to warn business invitees, including Ann O'Donovan, of the dangerous condition of Bethlehem Skateaway.

WHEREFORE, plaintiff demands compensatory damages against defendant, Bruce Jones, individually, jointly and severally, in an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00) exclusive of costs, pre-judgment interest and post-judgment interest.

### COUNT FOUR - NEGLIGENCE
### Plaintiff Ann O'Donovan v. SOS Inline Speed Skating Club, Inc., a/k/a SOS Speed Team

70.    The previous paragraphs are incorporated herein by reference.

72.    The negligence and carelessness of defendant SOS Speed Team and its agents, servants and employees, included the following:

(a)    Creating a dangerous condition at the Bethlehem Skateaway property, to wit, the unprotected doorway;

(b)    Creating a hazardous condition at the Bethlehem Skateaway property, to wit, the unprotected doorway;

(c)    Failure to provide a safe and hazard-free environment for its business invitees, including Ann O'Donovan;

(d)    Failing, despite actual and/or constructive knowledge, to maintain Bethlehem Skateaway in a safe and hazard-free condition for the protection of its business invitees, including Ann O'Donovan;

14

(e)    The failure to insure a safe and hazard-free condition for its business invitees, including Ann O'Donovan;

(f)    Failure to properly maintain the premises of Bethlehem Skateaway;

(g)    Failure to correct the dangerous condition that existed on the premises of Bethlehem Skateaway;

(h)    Failure to inspect the area where the incident occurred to insure a safe environment for its business invitees;

(i)    Failure to take appropriate measures to anticipate an incident such as that which occurred to Ann O'Donovan;

(j)    Negligence under the Restatement of Torts (2d) §343;

(k)    Failure to exercise reasonable and prudent care under the circumstances;

(l)    Failure to provide proper management of Bethlehem Skateaway to include proper maintenance and inspection of the roller skating rink;

(m)    Failure to take proper precautions to eliminate the dangerous condition of the Bethlehem Skateaway premises on the date and time in question;

(n)    Failure to comply with applicable local, state and federal regulations regarding maintenance of a roller skating rink; and

(o)    Failure to warn business invitees, including Ann O'Donovan, of the dangerous condition of the Bethlehem Skateaway premises.

WHEREFORE, plaintiff demands compensatory damages against defendant, SOS Inline Speed Skating Club, Inc. a/k/a SOS Speed Team, individually, jointly and severally, in an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00) exclusive of costs, pre-judgment interest and post-judgment interest.

### COUNT FIVE - NEGLIGENCE
### Plaintiff Ann O'Donovan v. Jim Bourgeois

73.    The previous paragraphs are incorporated herein by reference.

74.    The negligence and carelessness of defendant Jim Bourgeois and his agents, servants and employees, included the following:

(a)    Creating a dangerous condition of the Bethlehem Skateaway property, to wit, the unprotected doorway;

(b)    Creating a hazardous condition of the Bethlehem Skateaway property, to wit, the unprotected doorway;

(c)    Failure to provide a safe and hazard-free environment for its business invitees, including Ann O'Donovan;

(d)    Failing, despite actual and/or constructive knowledge, to maintain Bethlehem Skateaway in a safe and hazard-free condition for the protection of its business invitees, including Ann O'Donovan;

(e)    The failure to insure a safe and hazard-free condition for its business invitees, including Ann O'Donovan;

(f)    Failure to properly maintain the premises of Bethlehem Skateaway;

16

(g)     Failure to correct the dangerous condition that existed on the premises of Bethlehem Skateaway;

(h)     Failure to inspect the area where the incident occurred to insure a safe environment for its business invitees;

(i)     Failure to take appropriate measures to anticipate an incident such as that which occurred to Ann O'Donovan;

(j)     Negligence under the Restatement of Torts (2d) §343;

(k)     Failure to exercise reasonable and prudent care under the circumstances;

(l)     Failure to provide proper management of Bethlehem Skateaway to include proper maintenance and inspection of the roller skating rink;

(m)     Failure to take proper precautions to eliminate the dangerous condition of the Bethlehem Skateaway premises on the date and time in question;

(n)     Failure to comply with applicable local, state and federal regulations regarding maintenance of a roller skating rink; and

(o)     Failure to warn business invitees, including Ann O'Donovan, of the dangerous condition of the Bethlehem Skateaway premises.

WHEREFORE, plaintiff demands compensatory damages against defendant, Jim Bourgeois, individually, jointly and severally, in an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00) exclusive of costs, pre-judgment interest and post-judgment interest.

## COUNT SIX - NEGLIGENCE
### Plaintiff Ann O'Donovan v. Margie Barry

75.     The previous paragraphs are incorporated herein by reference.

17

76.    The negligence and carelessness of defendant Margie Barry and her agents, servants and employees, included the following:

(a)    Creating a dangerous condition of the Bethlehem Skateaway property, to wit, the unprotected doorway;

(b)    Creating a hazardous condition of the Bethlehem Skateaway property, to wit, the unprotected doorway;

(c)    Failure to provide a safe and hazard-free environment for its business invitees, including Ann O'Donovan;

(d)    Failing, despite actual and/or constructive knowledge, to maintain Bethlehem Skateaway in a safe and hazard-free condition for the protection of its business invitees, including Ann O'Donovan;

(e)    The failure to insure a safe and hazard-free condition for its business invitees, including Ann O'Donovan;

(f)    Failure to properly maintain the premises of Bethlehem Skateaway;

(g)    Failure to correct the dangerous condition that existed on the premises of Bethlehem Skateaway;

(h)    Failure to inspect the area where the incident occurred to insure a safe environment for its business invitees;

(i)    Failure to take appropriate measures to anticipate an incident such as that which occurred to Ann O'Donovan;

(j)    Negligence under the Restatement of Torts (2d) §343;

(k)    Failure to exercise reasonable and prudent care under the circumstances;

(l)    Failure to provide proper management of Bethlehem Skateaway to include proper maintenance and inspection of the roller skating rink;

(m)    Failure to take proper precautions to eliminate the dangerous condition of the Bethlehem Skateaway premises on the date and time in question;

(n)    Failure to comply with applicable local, state and federal regulations regarding maintenance of a roller skating rink; and

18

(o)    Failure to warn business invitees, including Ann O'Donovan, of the dangerous condition of the Bethlehem Skateaway premises.

WHEREFORE, plaintiff demands compensatory damages against defendant, Margie Barry, individually, jointly and severally, in an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00) exclusive of costs, pre-judgment interest and post-judgment interest.

### COUNT SEVEN - NEGLIGENCE
### Plaintiff Ann O'Donovan v. Robert Albanese

77.    The previous paragraphs are incorporated herein by reference.

78.    The negligence and carelessness of defendant Robert "Bob" Albanese and his agents, servants and employees, included the following:

(a)    Creating a dangerous condition of the Bethlehem Skateaway property, to wit, the unprotected doorway;

(b)    Creating a hazardous condition of the Bethlehem Skateaway property, to wit, the unprotected doorway;

(c)    Failure to provide a safe and hazard-free environment for its business invitees, including Ann O'Donovan;

(d)    Failing, despite actual and/or constructive knowledge, to maintain Bethlehem Skateaway in a safe and hazard-free condition for the protection of its business invitees, including Ann O'Donovan;

(e)    The failure to insure a safe and hazard-free condition for its business invitees, including Ann O'Donovan;

(f)    Failure to properly maintain the premises of Bethlehem Skateaway;

(g)    Failure to correct the dangerous condition that existed on the premises of Bethlehem Skateaway;

(h)    Failure to inspect the area where the incident occurred to insure a safe environment for its business invitees;

19

(i)     Failure to take appropriate measures to anticipate an incident such as that which occurred to Ann O'Donovan;

(j)     Negligence under the Restatement of Torts (2d) §343;

(k)     Failure to exercise reasonable and prudent care under the circumstances;

(l)     Failure to provide proper management of Bethlehem Skateaway to include proper maintenance and inspection of the roller skating rink;

(m)     Failure to take proper precautions to eliminate the dangerous condition of the Bethlehem Skateaway premises on the date and time in question;

(n)     Failure to comply with applicable local, state and federal regulations regarding maintenance of a roller skating rink; and

(o)     Failure to warn business invitees, including Ann O'Donovan, of the dangerous condition of the Bethlehem Skateaway premises.

WHEREFORE, plaintiff demands compensatory damages against defendant, Margie Barry, individually, jointly and severally, in an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00) exclusive of costs, pre-judgment interest and post-judgment interest.

## COUNT EIGHT - NEGLIGENCE
### Plaintiff Ann O'Donovan v. NIRA

79.     The previous paragraphs are incorporated herein by reference.

80.     The negligence and carelessness of defendant National In-Line Racing Association and its agents, servants and employees, included the following:

(a)     Creating a dangerous condition of the Bethlehem Skateaway property, to wit, the unprotected doorway;

(b)     Creating a hazardous condition of the Bethlehem Skateaway property, to wit, the unprotected doorway;

(c)     Failure to provide a safe and hazard-free environment for its business invitees, including Ann O'Donovan;

20

(d)    Failing, despite actual and/or constructive knowledge, to maintain Bethlehem Skateaway in a safe and hazard-free condition for the protection of its business invitees, including Ann O'Donovan;

(e)    The failure to insure a safe and hazard-free condition for its business invitees, including Ann O'Donovan;

(f)    Failure to properly maintain the premises of Bethlehem Skateaway;

(g)    Failure to correct the dangerous condition that existed on the premises of Bethlehem Skateaway;

(h)    Failure to inspect the area where the incident occurred to insure a safe environment for its business invitees;

(i)    Failure to take appropriate measures to anticipate an incident such as that which occurred to Ann O'Donovan;

(j)    Negligence under the Restatement of Torts (2d) §343;

(k)    Failure to exercise reasonable and prudent care under the circumstances;

(l)    Failure to provide proper management of Bethlehem Skateaway to include proper maintenance and inspection of the roller skating rink;

(m)    Failure to take proper precautions to eliminate the dangerous condition of the Bethlehem Skateaway premises on the date and time in question;

(n)    Failure to comply with applicable local, state and federal regulations regarding maintenance of a roller skating rink;

(o)    Failure to warn business invitees, including Ann O'Donovan, of the dangerous condition of the Bethlehem Skateaway premises;

(p)    Failure to ensure that the Bethlehem Skateaway race track met all safety rules and regulations promulgated by the NIRA and USA Roller Sports; and

(q)    Failure to inspect the Bethlehem Skateaway race track prior to the January 29, 2005 practice.

WHEREFORE, plaintiff demands compensatory damages against defendant, National In-Line Racing Association, individually, jointly and severally, in an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00) exclusive of costs, pre-judgment interest and post-judgment interest.

## COUNT NINE - NEGLIGENCE
### Plaintiff Ann O'Donovan v. USA Roller Sports

81.     The previous paragraphs are incorporated herein by reference.

82.     The negligence and carelessness of defendant USA Roller Sports, its agents, servants and employees, included the following:

    (a)     Creating a dangerous condition of the Bethlehem Skateaway property, to wit, the unprotected doorway;

    (b)     Creating a hazardous condition of the Bethlehem Skateaway property, to wit, the unprotected doorway;

    (c)     Failure to provide a safe and hazard-free environment for its business invitees, including Ann O'Donovan;

    (d)     Failing, despite actual and/or constructive knowledge, to maintain Bethlehem Skateaway in a safe and hazard-free condition for the protection of its business invitees, including Ann O'Donovan;

    (e)     The failure to insure a safe and hazard-free condition for its business invitees, including Ann O'Donovan;

    (f)     Failure to properly maintain the premises of Bethlehem Skateaway;

    (g)     Failure to correct the dangerous condition that existed on the premises Bethlehem Skateaway;

    (h)     Failure to inspect the area where the incident occurred to insure a safe environment for its business invitees;

    (i)     Failure to take appropriate measures to anticipate an incident such as that which occurred to Ann O'Donovan;

22

(j)    Negligence under the Restatement of Torts (2d) §343;

(k)    Failure to exercise reasonable and prudent care under the circumstances;

(l)    Failure to provide proper management of Bethlehem Skateaway to include proper maintenance and inspection of the roller skating rink;

(m)    Failure to take proper precautions to eliminate the dangerous condition of the Bethlehem Skateaway premises on the date and time in question;

(n)    Failure to comply with applicable local, state and federal regulations regarding maintenance of a roller skating rink; and

(o)    Failure to warn business invitees, including Ann O'Donovan, of the dangerous condition of the Bethlehem Skateaway premises;

(p)    Failure to ensure that the Bethlehem Skateaway race track met all safety rules and regulations promulgated by the NIRA and USA R/S; and

(q)    Failure to inspect the Bethlehem Skateaway race track prior to the January 29, 2005 practice.

WHEREFORE, plaintiff demands compensatory damages against defendant, USA Roller Sports, individually, jointly and severally, in an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00) exclusive of costs, pre-judgment interest and post-judgment interest.

### COUNT TEN - RECKLESSNESS
### Plaintiff Ann O'Donovan v. All Defendants

83.    The preceding paragraphs are incorporated by reference here as though set forth in their entirety.

84.    The actions of defendants were not merely acts of inadvertence, but rather were reckless, outrageous and in knowing disregard to the risks of severe harm to Ann O'Donovan and others.

23

85.    The reckless conduct of defendants warrants the imposition of punitive damages in addition to damages to compensate Ann O'Dovovan for her injuries and losses.

WHEREFORE, plaintiff demands punitive damages against defendant, USA Roller Sports, individually, jointly and severally, in an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00) exclusive of costs, pre-judgment interest and post-judgment interest.

**LAYSER & FREIWALD, P.C.**

BY:    _____

AARON J. FREIWALD, ESQUIRE
PATRICIA M. GIORDANO, ESQUIRE
Attorneys for Plaintiff

DATED:  3/27/06

24